UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST ARSENIO ALLEN,

        Petitioner,         CASE NO. 07-CV-10318

v.         PAUL D. BORMAN
        UNITED STATES DISTRICT COURT

MARY BERGHUIS,

        Respondent.
        _____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Michigan prisoner Ernest Arsenio Allen ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced to 18 ½ to 40 years imprisonment on the murder conviction, a concurrent term of 10 ½ to 30 years imprisonment, and a consecutive term of two years imprisonment in 2003. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the admission of other acts evidence. For the reasons stated, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.     Facts and Procedural History**

Petitioner's convictions arise from a shooting at a gas station in Detroit, Michigan on March 16, 2003. The shooting was an assault upon Rudolph Bradley which resulted in the death of China Jones. The evidence indicated that co-defendant Maurice Allen committed the shooting and that Petitioner aided and abetting the shooting by handing him the gun. The Court accepts and incorporates the factual allegations contained in Petitioner's brief in support of his habeas corpus petition insofar as they are consistent with the record, as Respondent has not otherwise disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of error, including those raised in the present petition. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Allen*, No. 252547, 2005 WL 658926 (Mich. Ct. App. Mar. 22, 2005) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *People v. Allen*, 474 Mich. 905 (2005).

Petitioner, through counsel, filed his federal habeas petition asserting the following claims as grounds for relief:

   I.    Petitioner was denied due process of law because there was insufficient evidence at trial to sustain a verdict of aiding and abetting a murder.

   II.   Petitioner was denied a fair trial when the trial court, over objection, allowed evidence of a prior gun possession incident involving Petitioner.

Respondent has filed an answer to the petition asserting that it should be denied. Petitioner has filed a reply to that answer.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or

3

erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

    A.   *Insufficient Evidence Claim*

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence that he aided and abetted a second-degree murder. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the

4

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n. 16. When applying this standard, a habeas court does not reweigh the evidence or redetermine the credibility of the witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "It is the province of the fact-finder to weight the probative value of the evidence and resolve any conflicts in testimony." *Id*. Therefore, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id*. (citations omitted).

Under Michigan law, the common law crime of murder is defined as second-degree murder and is punishable by up to life imprisonment. *See* MICH. COMP. L. § 750.317. Second-degree murder is the unjustified and unexcused killing of a human being with malice. Conviction of second-degree murder requires proof of the following elements: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 457 Mich. 442, 463-64 (1998). To prove malice, the prosecution must establish that the defendant has the intent to kill or do great bodily harm, or has created and disregarded a very high risk of death. *Id*. at 466; *see also People v. Dykehouse*, 418 Mich. 488, 495 (1984). Circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *see People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993); *People v. Plummer*, 229 Mich. App. 293, 299 (1998), including a defendant's intent or state of mind. *See People v. Dumas*, 454 Mich. 390, 398 (1997).

To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed

acts or gave encouragement which aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he gave the aid or encouragement. *People v. Carines*, 460 Mich. 750, 759 (1999). An aider and abettor's state of mind may be inferred from all the facts and circumstances. *Id*.

Applying the *Jackson* standard, the Michigan Court of Appeals found that the prosecution presented sufficient evidence to support Petitioner's second-degree murder conviction, stating in relevant part:

> Viewing the evidence in a light most favorable to the prosecution, a rational jury could conclude that defendant aided and abetted Maurice Allen in committing second-degree murder. Allen fired a gun in the direction of Rudolph Bradley, an individual with whom Allen had had prior altercations. A bullet from Allen's gun hit China Jones, the victim, and caused her death. Allen's actions were not justified by self-defense because he admitted that Bradley never pointed a gun at him and that he could have turned around and returned to the vehicle he arrived in and asked the driver to leave. There was no evidence that anyone else possessed a gun. Defendant contends that because there was evidence of provocation, defendant should have been convicted of manslaughter, not murder. The most recent alleged provocation between Allen and Bradley occurred about one week before Allen shot the victim, and thus, there was a lapse in time in which a reasonable person could have cooled his blood and controlled his passions. There was therefore no provocation. We conclude that Allen's actions of pointing a gun and shooting it in Bradley's direction did not constitute manslaughter because Allen acted with malice and was not provoked. Malice may be inferred from the use of a deadly weapon. *People v. Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999). Because there was sufficient evidence to convict Allen of second-degree murder as well as evidence that defendant assisted Allen in the murder by handing Allen a gun, we conclude that the prosecution presented sufficient evidence to permit a rational trier of fact to conclude that defendant aided and abetted Allen in committing second-degree murder.

*Allen*, 2005 WL 658926 at *2.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination in this regard is neither contrary to *Jackson* nor an unreasonable application of the law or the facts. Although Maurice Allen testified that Petitioner handed him money and not a gun

6

as he exited their vehicle at the gas station, Willie Fonvilee testified at trial that he saw Petitioner hand Allen a handgun as he exited their vehicle and began shooting. If believed, Willie Fonvilee's testimony provides sufficient evidence that Petitioner aided and abetted the crime. The record also supports a finding that Petitioner and Allen acted with the requisite intent and without justification or excuse so as to support a second-degree murder conviction. While there was evidence of prior altercations with Rudolph Bradley, the testimony indicated that the latest incident occurred a week prior to the shooting. Furthermore, Bradley testified that he was standing by the gas station door when Allen pulled out a gun and fired several shots at him as he ran to his car. Bradley did not say that he was armed or that he reached for a gun. Although Allen testified that he saw Bradley reaching for a gun, Allen admitted that Bradley had not pointed a gun at him, that he fired shots as he was running back to his truck, and that he could have retreated to his truck or the gas station without firing his weapon. Such testimony provides sufficient evidence from which a jury could conclude that Allen acted with the requisite intent and that his actions were not justified or excused. Viewed in a light most favorable to the prosecution, the trial testimony supports Petitioner's conviction as an aider and abettor to second-degree murder.

Petitioner's insufficient evidence claim attacks the credibility of the testimony and the inferences that the jury drew from the evidence at trial. Such determinations, however, are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326;

7

*Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Given the evidence at trial, the Michigan Court of Appeals' decision that a rational trier of fact could find beyond a reasonable doubt that Petitioner aided and abetted a second-degree murder was reasonable.

Additionally, to the extent that Petitioner challenges the Michigan Court of Appeals' construction or application of state law, he is not entitled to habeas relief. "A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The Court finds that the state court's decision that a rational trier of fact could find the essential elements of second-degree murder beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

    C.    *Other Acts Evidence Claim*

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence concerning his prior possession of a gun which was the same or similar to the one used in the shooting. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

As to the admission of prior acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental

8

conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[1] Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief. The Michigan Court of Appeals upheld the trial court's determination that the disputed evidence was properly admitted as evidence linking Petitioner to the murder weapon. *See Allen*, 2005 WL 658926 at *3. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The evidence was relevant and properly admitted under Michigan law. The prosecutor did not make a character or propensity argument and the trial court instructed the jury about the proper consideration of the evidence. Petitioner has not shown that the admission of the other acts evidence rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and denies the petition for writ of habeas corpus.

---

[1]   While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

9

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his insufficient evidence and other acts evidence claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 22, 2008.

s/Denise Goodine<br>
Case Manager